CAVANAGH, J.
(concurring). I concur in the result reached by the lead opinion.
I agree with the lead opinion that the phenomenon of false confessions is counterintuitive and, thus, inconsistent with “ ‘the common-sense intuition that a reasonable person would be expected to lie, if at all, only in his own favor, and would not harm himself by his own words.’ ” Ante at 128, quoting People v Watkins, 438 Mich 627, 636; 475 NW2d 727 (1991); see, also, United States v Shay, 57 F3d 126, 133 (CA 1, 1995) (“Common understanding conforms to the notion that a person ordinarily does not make untruthful inculpatory statements.”); Crane v Kentucky, 476 US 683, 689; 106 S Ct 2142; 90 L Ed 2d 636 (1986) (noting the “one question every rational juror needs answered: If the defendant is innocent, why did he previously admit his guilt?”). Accordingly, I agree with the lead opinion that expert testimony may assist jurors in understanding the exist *145 ence of false confessions, including how and why a defendant might falsely confess. Craig v Oakwood Hosp, 471 Mich 67, 79; 684 NW2d 296 (2004). Thus, I agree that the lower courts erred in excluding the expert testimony to the extent that they concluded otherwise.
I believe that appellate review of whether a trial court’s decision to exclude evidence resulted in an abuse of discretion requires an examination of the importance of the testimony to a defendant’s theory of defense. See People v Barrera, 451 Mich 261, 269; 547 NW2d 280 (1996). At this juncture and under this Court’s current evidentiary rule, however, I find that the issue presented in this case raises a close evidentiary question regarding Dr. Richard Leo’s proposed testimony. Thus, I agree with the lead opinion’s conclusion that the trial court did not abuse its discretion by excluding as unreliable Leo’s testimony as it pertains to police-interrogation techniques. People v Golochowicz, 413 Mich 298, 322; 319 NW2d 518 (1982).
And although I find persuasive the principles espoused by the Court of Appeals partial dissent as it relates to Dr. Jeffrey Wendt, People v Kowalski, unpublished opinion per curiam of the Court of Appeals, issued August 26, 2010 (Docket No. 294054) (DAVIS J., concurring in part and dissenting in part), I agree with this Court’s conclusion that it is prudent to remand this case to the trial court to consider the admissibility of Wendt’s testimony in the first instance, in light of the trial court’s failure to consider Wendt’s testimony independently of Leo’s testimony. Nevertheless, on remand, I urge the trial court to “conscientiously consider” the relationship between the evidentiary rules and defendant’s constitutional right to present a defense. Barrera, 451 Mich at 269. When the accuracy of a potential *146 conviction rests in large part on the accuracy of a confession, I believe that a trial court should give due consideration to the importance of a defense theory that seeks to undermine the accuracy of the confession.
Marilyn Kelly and Hathaway, JJ., concurred with Cavanagh, J.